IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

EDWARD HAROLD SAUNDERS, JR.,

    Plaintiff,

v.                                  CIVIL ACTION NO. 1:16-10159

B.J. JOHNSON, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is "Plaintiff's Objections to the Magistrate's Findings and Recommendations." ECF No. 72. Plaintiff objects to Magistrate Judge Omar J. Aboulhosn's Proposed Findings and Recommendation ("PF&R"), which recommended that this court grant Defendants' Motion to Dismiss or in the Alternative, Motion for Summary Judgment, ECF No. 59, and dismiss plaintiff's Complaint. ECF No. 69.

I.    PROCEDURAL BACKGROUND[1]

Plaintiff sued 12 correctional officers ("Defendants") on October 27, 2016 alleging violations of his constitutional and civil due process rights under Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388

---

[1] Because plaintiff acts pro-se, the facts outlined here are in the light most favorable to plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, it must be noted that plaintiff is not foreign to the federal court system, filing no less than 21 independent lawsuits while incarcerated. See ECF No. 72, p. 3.

(1971).  ECF No. 3.  Specifically, plaintiff alleges defendants withheld his personal belongings – newspapers, magazines, books, and family pictures – while he was in solitary confinement ("Special Housing Unit" or "SHU") of Federal Correctional Institution, McDowell ("FCI McDowell").  ECF No. 3, p. 4-5.

On November 16, 2016, plaintiff filed a "Motion Requesting Leave to Amend Complaint" to (1) modify the names of defendants and (2) provide additional factual details regarding plaintiff's allegations.  ECF No. 26.  The Motion was accompanied by plaintiff's First Amended Complaint ("FAC").  ECF No. 29. Magistrate Judge Aboulhosn granted plaintiff's motion and directed that the FAC be filed.  ECF No. 28.  The PF&R extensively details the factual modifications in the FAC.  ECF No. 69, p. 3-4.  Of note, plaintiff's FAC includes affidavits of other FCI McDowell inmates to illustrate that other SHU inmates were provided additional items of mail, inconsistent with the SHU Rules and Regulations, and thus plaintiff was targeted unfairly.  ECF No. 66-1, pp. 6-12.

Two months later, defendants filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment and accompanying Memorandum of Law in Support.  ECF Nos. 59 and 60.  Magistrate Judge Aboulhosn recommended that defendants' motion be granted on July 24, 2017.  ECF No. 69.

II.  FACTUAL BACKGROUND

Plaintiff was incarcerated at FCI McDowell from February 17, 2016 to December 1, 2016.  ECF No. 69-2.  Plaintiff was placed in SHU on March 9, 2016, after refusing to voluntarily change prison cells.  Upon placement in SHU, plaintiff received a copy of the SHU Rules and Regulations and signed a Receipt and Acknowledgement Form.  ECF No. 59-1, pp. 62-63.  SHU Rules and Regulations limit the personal belongings an inmate may possess.  ECF No. 59-1, pp. 62-63, 65.  Importantly, the Regulation lists "Authorized Items" to include "2 paperback books (book cart only)" and "Mail (received in SHU only) – 10 pieces."  ECF No. 59-1, pp. 62-63, 65.  Defendants state that limitations on personal property in SHU cells are necessary because of "fire safety, security, and sanitation/housekeeping issues based upon limited cell space in SHU."  ECF No. 60, p. 5.

On two occasions in March 2016, plaintiff asked SHU correctional officer defendants, J. Moore and B.J. Johnson, to explain why he was not receiving his personal property since placement in SHU.  FAC at ¶ 50-52.  Both correctional officers allegedly responded that consistent with a memorandum signed by FCI McDowell's warden, B.J. Johnson, ("Warden Memorandum"), plaintiff's belongings were being retained by FCI McDowell until his release from SHU.  Id.  Plaintiff requested a copy of the Warden Memorandum but never received a copy.  Id.

3

Defendants do not dispute that plaintiff never received a copy of this Warden Memorandum (or affirm or deny that any Warden Memorandum exists) but instead state that defendants' actions complied with SHU Rules and Regulations, for which the plaintiff signed a Receipt and Acknowledgement Form. ECF No. 59-1, pp. 62-63, 67.

Plaintiff remained in SHU at FCI McDowell until his transfer to FCI Forrest City in Arkansas on December 1, 2016. Despite plaintiff's belief that he was treated unfairly in SHU, upon transfer, plaintiff's personal property was inventoried and found to be consistent with SHU policy and included two books, legal materials, and 20 photographs (more than SHU policy). ECF No. 59-1, pp. 68-69.

III. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation bears no presumptive weight, and it is this court's responsibility to make a final determination. See Mathews v. Weber, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the PF&R to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b).

IV. RECOMMENDATION

In recommending that this court grant defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment, Magistrate Judge Aboulhosn made the following findings:

(1) Defendants cannot be sued in their official capacities;

(2) Defendant, D. Kendrick should be dismissed as an incorrectly named defendant;

(3) Plaintiff's alleged emotional and psychological damage is not entitled to monetary damages under the Prison Litigation Reform Act, 42 U.S.C. § 1997(e);

(4) Monetary damages may not be awarded under <u>Bivens</u> for First Amendment violations;

(5) Even if money damages could be awarded for First Amendment violations under <u>Bivens</u>, the SHU Rules and Regulations are rationally related to a legitimate security interest; and

(6) SHU Rules and Regulations did not result in a constitutional deprivation of plaintiff's due process rights, and proper notice of SHU regulations was provided to plaintiff.

ECF No. 69.

V. DISCUSSION OF PLAINTIFF'S OBJECTIONS

Plaintiff filed objections to Magistrate Judge Aboulhosn's PF&R on September 18, 2017,[2] after having sought and received an enlargement of time from the court. ECF No. 72.

---

[2] Plaintiff was required by the court to object on or before September 8, 2017. ECF. No. 71. While plaintiff's objections were received 10 days past this deadline, the court's review indicates that plaintiff's cover letter was dated September 8,

5

Plaintiff's objections focus on the fact that (1) he never received reasonable notice of the policies established by the Warden Memorandum and (2) that defendants should be able to be sued for monetary damages under Bivens for First Amendment violations. Id. at ¶¶ 1-13, 16-19. Plaintiff neglects to object to the first three (3) findings of the PF&R, see supra at 5, and the court finds that the record and the applicable law support these findings.

> A. The Supreme Court Has Refused to Allow Claimants to Seek Monetary Damages for First Amendment Violations Under Bivens.

The Supreme Court has refused to allow a Bivens remedy for a First Amendment violation. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Reichle v. Howards, 566 U.S. ___, 132 S. Ct. 2088, 2093, n. 4 (2012)("We have never held that Bivens extends to First Amendment claims."). Consistent with the principle of judicial restraint, this court refuses to create a new cause of action under Bivens. Holly v. Scott, 434 F.3d 287, 290 (4th Cir. 2006)(this "Court has therefore on multiple occasions declined to extend Bivens because Congress is in a better position to decide whether or not the public interest would be served by the creation of new substantive legal liability.").

---

2017. See ECF No. 72-1. Therefore, the court finds the plaintiff's objections are timely and reviews the merits of his objections.

Accordingly, this court need not dwell upon Magistrate Judge Aboulhosn's fifth finding: whether SHU Rules and Regulations were rationally related to a legitimate security interest.[3]

### B. Plaintiff's Liberty Interests Were Not Deprived by Literature Limitations Placed on Plaintiff While in SHU.

Although the Fifth Amendment of the United States Constitution prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law," the range of protected liberty interests for defendants convicted and confined in prison are significantly reduced for their period of incarceration.  See U.S. Const. Amend. XIV, § 1; Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir.1991).

To determine if an inmate retains a certain liberty interest, the Court must look to the nature of the claimed interest and determine whether the Due Process Clause is implicated.  See Board of Regents v. Roth, 408 U.S. 564, 570–71(1972).  An inmate holds a protectable right in interests to which he has a legitimate claim of entitlement. Greenholtz v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 7 (1979)(quoting Roth, 408 U.S. at 577).  An inmate possesses a

---

[3] Even if SHU Rules and Regulations impinged on plaintiff's constitutional rights, in light of the record, review would likely result in a finding that the policy is "reasonably related to legitimate penological interests."  See Turner v. Safely, 482 U.S. 78, 89 (1987).

7

claim of entitlement in those interests "which were not taken away expressly or by implication, in the original sentence to confinement." Gaston, 946 F.2d at 343. To demonstrate the deprivation of a liberty interest protected by the Due Process Clause, an inmate must show either that: (1) the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause, or (2) the confinement creates an atypical or significant hardship in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, 484 (1995). Absent allegations indicating that there has been a restraint upon the inmate's freedom imposing "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," an inmate's claims possess no merit. Id.

Applying the principles outlined in Sandin, the limitations of literature placed upon plaintiff neither amount to a condition exceeding his sentence in an unexpected manner nor do they create "an atypical or significant hardship in relation to the ordinary incidents of prison life." Id. Whether correctional officers were following SHU Rules and Regulations or an unknown Warden Memorandum makes no difference.

Moreover, to the extent that plaintiff complains that defendants misapplied the prison's policies concerning literature available to inmates, plaintiff's claim fails because

8

due process is not implicated where no liberty interest exists. See Petway v. Lappin, 2008 WL 629998 (N.D.W. Va. Mar. 5, 2008) ("[D]ue process complaints concerning either the misapplication of policy and procedures, or a lack of official rules and regulations, must fail" because the inmate had no protected liberty interest in avoiding segregation).

VI. CONCLUSION

For the reasons stated above, the court **CONFIRMS** and **ACCEPTS** Magistrate Judge Aboulhosn's proposed findings and recommendation, **GRANTS** defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, and **DIRECTS** the Clerk to remove this case from the court's docket.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and all counsel of record.

IT IS SO ORDERED this 28th day of September, 2017.

ENTER:

David A. Faber
Senior United States District Judge

9